# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

MARIANNE ALLENSPACH-BOLLER, )
et al., )
       )
    Plaintiffs/Counter-Defendants, )
      )
    v. )    No. 5:19-CV-06073-DGK
    )
UNITED COMMUNITY BANK, )
   )
    Defendant/Counter-Plaintiff. )

## ORDER DENYING MOTION TO QUASH SUBPOENA

Now before the Court is Plaintiffs', Marianne Allenspach-Boller, Eric Allenspach, and Reliable Machine & Engineering, Inc., motion to quash Defendant's subpoena, or in the alternative, for a protective order. ECF No. 149. Defendant subpoenaed non-party Capital Federal Savings Bank ("Capital") seeking the "the monthly bank statements or other periodic reports generated by [Capital] reporting transactions occurring from November 1, 2018 to June 30, 2019 regarding [an account held at Capital] as held in the name of Eric and/or Marianne Allenspach." ECF No. 149-1 at 4.

A party moving to quash a non-party subpoena must comply with Local Rule 37.1. *St. Paul Fire & Marine Ins. Co. v. Geo. P. Reintjes Co.*, No. 05-0345-CV-W-ODS, 2005 WL 6935455, at *1–2 (W.D. Mo. Dec. 28, 2005). Before filing a motion to quash a subpoena, counsel for a prospective moving party must, in good faith, confer or attempt to confer with opposing counsel concerning the matter. L.R. 37.1(a)(1). If the parties are unable to resolve the dispute, the prospective moving party "must arrange with the Court for an immediate telephone conference with the judge and opposing counsel." L.R. 37.1(a)(2). A party "may not file a written discovery motion until after this telephone conference." *Id.*

Plaintiffs filed this motion without making any arrangements with the Court for a telephone conference. Because the deadline to file another discovery motion which complies with Local Rule 37.1 has passed; Sched. Order, ECF No. 138; the motion is DENIED WITH PREJUDICE.

**IT IS SO ORDERED.**

Date:  May 6, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT