IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

MARIANNE ALLENSPACH-BOLLER, )
et al., )
 )
    Plaintiffs/Counterclaim-Defendants, )
 )
v. ) No. 5:19-CV-06073-DGK
 )
UNITED COMMUNITY BANK, )
 )
    Defendant/Counterclaim-Plaintiff. )

## ORDER ADOPTING CALCULATION OF DAMAGES

This lawsuit arises from Plaintiffs' purchase of a machine-shop business from third-party Todd Rood. Plaintiffs/Counterclaim Defendants[1] Reliable Machine & Engineering, Inc. ("Reliable Machine") and its owners/corporate officers Eric Allenspach, and Marianne Allenspach-Boller, borrowed money from Defendant/Counterclaim-Plaintiff United Community Bank ("UCB") to purchase the business via a Small Business Administration loan. Contemporaneously with the loan agreement, Reliable Machine and UCB executed a promissory note ("Reliable Note"), which evidences Reliable Machine's obligation to repay the Loan. In addition, the Allenspachs each personally and unconditionally guaranteed the loan.

UCB moved for summary judgment on its counterclaims for breach of the Reliable Note and breach of the personal guarantees.[2] ECF No. 152. On October 27, 2021, the Court entered an Order granting UCB's motion for summary judgment. ECF No. 196.

---

[1] For the sake of clarity, the Court refers to Plaintiffs in this order as Counterclaim Defendants.

[2] UCB also moved for summary judgment—which the Court granted—on Counterclaim Defendant's remaining claim. The Court previously dismissed Plaintiffs' other seven claims, ECF No. 133, and three of UCB's counterclaims, ECF No. 172.

The terms of the Reliable Note entitle UCB to all expenses incurred to collect amounts due under the Reliable Note, enforce the terms of the Reliable Note or personal guarantees, and preserve or dispose of collateral. This includes "payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs." Ex. A ¶ 6.B, ECF No. 198-1. In its Order, the Court directed UCB to provide a final accounting showing its amount due under the Reliable Note and personal guarantees along with a schedule of reasonable attorney's fees. *Id.* The Court permitted Counterclaim Defendants two weeks in which to object to UCB's calculation of damages. *Id.* UCB submitted its accounting on November 29, 2021. Notice, ECF No. 198. Counterclaim Defendants failed to object within the allotted time. The Court then issued an Order directing Counterclaim Defendants to—on or before December 21, 2021—file a response to UCB's accounting of damages or to otherwise show cause as to why the Court should not enter a final judgment adopting UCB's calculation of damages. Order, ECF No. 199. Counterclaim Defendants likewise failed to respond.

Upon review of UCB's accounting and the attached documentation, the Court concludes that the award of attorney's fees and costs which UCB seeks is reasonable given the experience of UCB's attorneys, the contentiousness and length of this litigation, and the results obtained.

The Court therefore adopts UCB's accounting of damages, ECF No. 198. UCB is entitled to recover from Counterclaim Defendants $2,701,088.55. This amount represents the following:

1. $1,851,699.58 representing the total amount of principal, interest, and late fees due under the Reliable Note and personal guarantees as of November 1, 2021.
2. $15,610.00 representing appraisal fees on three parcels of certain real estate and personal property held as collateral on the Reliable Note.

2

Case 5:19-cv-06073-DGK   Document 200   Filed 03/16/22   Page 2 of 3

3. $15,766.69 representing fees and expenses incurred for management and upkeep of certain commercial real estate pledged as collateral on the Reliable Note.

4. $8,680.00 representing due diligence related to the environmental status of certain property pledged as collateral on the Reliable Note.

5. Attorney's fees of $738,555.25 and legal costs and expenses of $70,777.03.

UCB is also entitled to recover interest—accumulating at $195.78 per day for each day after November 1, 2021 in which the judgment is not paid—from Counterclaim Defendants.

**IT IS SO ORDERED.**

Date: <u>March 16, 2022</u>   <u>   /s/ Greg Kays   </u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT